UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALAN KREILEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01431-SEB-MPB |
| | ) | |
| DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Alan Kreilein, an inmate at the Correctional Industrial Facility ("CIF"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Lieutenant Justin Davis subjected him to excessive force in violation of his Eighth Amendment rights by cuffing him without setting the cuff locks and ignoring his complaints of pain. Lieutenant Davis moves for summary judgment on this claim, and Mr. Kreilein has not responded.[1] For the following reasons, Lieutenant Davis's motion for summary judgment is **granted**.

## I. Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the

---

[1] The Court notes that Mr. Kreilein recently filed a motion for permission to conduct additional discovery, but that motion was denied because Mr. Kreilein had not shown that he failed to complete this discovery before the April 27, 2020, deadline because of excusable neglect. Dkt. 42. Because he has not been permitted to conduct additional discovery and because he has not requested additional time to respond to the motion for summary judgment, the Court now considers the motion to be fully briefed.

record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

Mr. Kreilein was given through August 24, 2020, to respond to the motion for summary judgment and he has not done so. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the

nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "[r]educ[e] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Facts

In September of 2017, Mr. Kreilein was upset that he was being moved out of his cell unit at CIF. Dkt. 31-4, ¶ 6.  Mr. Kreilein was expressing suicidal ideation. Dkt. 2, p. 2; dkt. 18, p. 1; dkt. 31-1, p 1. Defendant, Lieutenant Davis, observed the report of suicidal ideation and placed Mr. Kreilein in handcuffs to transport him to the medical unit. Dkt. 2 at 2; dkt. 31-4, ¶ 8. Lieutenant Davis found Mr. Kreilein to be acting aggressively. Dkt. 31-4, ¶ 9. Mr. Kreilein alleges that the handcuffs were cutting into his wrists and Lieutenant Davis refused to fix the tightness. Dkt. 2, p. 2. During the transport, and after he arrived at the medical unit, Mr. Kreilein's aggressive behavior persisted. Dkt. 31-4 ¶¶ 9, 11. Mr. Kreilein ran toward a K9 unit handled by Investigator Eddie Boner. Dkt. 2 p. 2; Dkt. 31-3, ¶ 8. Investigator Boner observed Mr. Kreilein lunging, barking, and acting aggressively toward the K9 unit and being verbally aggressive toward Lieutenant Davis. Dkt. 31-3, ¶ 8.

Mr. Kreilein asserts in his complaint that during the transport, Lieutenant Davis was "acting like a big shot to the nurse" and that he "acted really mean spirited as he cuffed me." Dkt. 2, p. 2. Mr. Kreilein further alleges, at some point after they arrived at the medical unit, Lieutenant Davis stated the handcuffs were not locked. *Id.*

Mr. Kreilein was observed by medical for six days before being released. *See* Dkt. 31-1. During this observation period, the medical staff produced periodic reports to Mr. Kreilein. *See id.*

The initial medical report contained an observation that Mr. Kreilein was arguing with correctional staff about being handcuffed. *Id.*, p. 1. The medical reports from September 22, 2017, through September 27, 2017, do not indicate the observation or treatment of any hand or wrist injury. *See id.* On September 25, 2017, the medical report indicates Mr. Kreilein denied any medical needs at the time, and no signs or symptoms of pain or acute distress were noted. *Id.* p. 24.

On October 29, 2017, Mr. Kreilein visited medical regarding hand numbness and stated that the application of handcuffs during the September incident was the cause for the numbness and inability to use his hands. *Id.* p. 48. The medical report indicated that Mr. Kreilien complained of tenderness, pain with movement, tingling, and numbness. Dkt. 31-1, p. 50. No swelling or discoloration was observed. *Id.*, p. 49. Mr. Kreilein stated he experienced numbness and tingling from carpal tunnel syndrome but that his current symptoms were different. *Id.*, p. 50.

On November 7, 2017, Mr. Kreilein visited medical, and the report states there were no complaints of bruises, cuts, or skin lesions and the numbness was described as "mild-moderate." *Id.*, p. 52.

### III. Discussion

In support of his motion for summary judgment, Lieutenant Davis argues, among other things, that he acted appropriately under the circumstances.

At all times relevant to Mr. Kreilein's claim, he was a convicted offender. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). To prevail on an Eighth Amendment excessive force claim, a prisoner must

prove that the offending officer applied force "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). The factors relevant to this determination include: (1) why force was needed; (2) how much force was used; (3) the extent of the injury inflicted; (4) whether the defendant perceived a threat to the safety of staff and prisoners; and (5) whether efforts were made to temper the severity of the force. *Whitley*, 475 U.S. at 321. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9–10 (quoting *Whitley,* 475 U.S. at 327).

Lieutenant Davis argues that he did not violate Mr. Kreilein's rights because he used handcuffs on Mr. Kreilein for the safety of those involved and not maliciously and sadistically to cause Mr. Kreilein pain. Here, it is undisputed that Mr. Kreilien had expressed suicidal ideation and acted aggressively during his transport to the medical unit, including by lunging and barking at a K9 unit. Lieutenant Davis thus perceived a threat to Mr. Kreilien's safety as well as the safety of those around him. The use of some force was necessary to restore order and protect the safety of Mr. Kreilein and others. Mr. Krielien alleges in his complaint that Lieutenant Davis "was acting like a big shot to the nurse" and that he "acted really mean spirited," dkt. 2 p. 2, but these general assertions are not enough to show malice on Lieutenant Davis's part.

Further, while Mr. Kreilein did not respond to the motion for summary judgment, he alleges in his verified complaint that he complained to Lieutenant Davis that the handcuffs were too tight, and Lieutenant Davis did not adjust them until after they reached the medical unit. But there is no evidence regarding the length of time Mr. Kreilein was in the handcuffs, and the evidence before

the Court is that Mr. Kreilein was acting erratically and aggressively during this time. Further, there is no evidence that would allow the Court to conclude that the use of the handcuffs caused Mr. Kreilein any significant injury. While Mr. Kreilien asserts in his verified complaint that he was in pain while in the handcuffs and that he now suffers from carpal tunnel syndrome, there is no evidence that he complained of wrist pain during the time that he was in the medical unit directly after this incident or that any medical professional noted any injury to his wrists during his stay in the medical unit immediately after his transport there. He did not complain of hand pain until a month later. Mr. Kreilein has therefore failed to show that the use of the handcuffs has caused him any lasting injury.

In short, the evidence before the Court is that Lieutenant Davis used the handcuffs on Mr. Kreilein in an attempt to restore order and there is no evidence that Mr. Kreilein suffered any lasting injuries from the use of the handcuffs. Therefore, the Court finds that no reasonable jury could conclude that Lieutenant Davis acted maliciously and sadistically in an attempt to cause harm in violation of Mr. Kreilein's Eighth Amendment rights. *See Outlaw v. Newkirk*, 259 F.3d 833, 841 (7th Cir. 2001) (when the defendants presented evidence pointing to the minor nature of the plaintiff's injuries and argued that such an injury could not support an inference of malice, the burden shifted to the plaintiff to present specific evidence that would demonstrate a genuine issue of material fact for trial); *Lunsford v. Bennett,* 17 F.3d 1574, 1582 (7th Cir. 1994) (degree of injury is relevant to determining extremeness of force used; a "minor injury" supports a conclusion of "a de minimis use of force not intended to cause pain or injury").

## IV. Conclusion

For the foregoing reasons, Lieutenant Davis's motion for summary judgment, dkt. [31], is **granted**. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: _____10/8/2020_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALAN KREILEIN
871626
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel